## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**DOUGLAS A. ATCHISON,**

  **Plaintiff,**

**v.**            **Case No: 5:15-cv-138-Oc-10PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

  **Defendant.**

_____

# REPORT AND RECOMMENDATION[1]

  Plaintiff appeals the administrative decision denying his application for Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be **AFFIRMED.**

## I. BACKGROUND

  On February 9, 2012, Plaintiff filed an application for SSI benefits, alleging disability beginning February 26, 2009. (Tr. 13, 151-59). The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on July 3, 2013, where both Plaintiff (who was represented by counsel) and an impartial vocational expert testified. (Tr. 26-69). On August 14, 2013, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 13-21). Plaintiff's request for review was denied by the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Appeals Council (Tr. 1-5), and Plaintiff initiated this action on March 20, 2015.   (Doc. 1).

Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is

ripe for review under 42 U.S.C. § 405(g).

At the time that he filed his SSI application, Plaintiff was forty-seven (47) years old.   (Tr.

20).   Plaintiff has a tenth grade education and prior work experience as a short order cook,

materials handler, and construction worker.   (Tr. 20, 30).

Based on a review of the record, the ALJ found that Plaintiff had the following severe

impairments:   neuropathy, alcohol abuse/withdrawal seizures and tremors.   (Tr. 15).   The ALJ

found that the Plaintiff had the residual functional capacity to perform less than the full range of

sedentary work.   (Tr. 16).   The ALJ found that Plaintiff can lift/carry 10 pounds occasionally; sit

for 8 hours in an 8-hour workday, and stand and walk up to 2 hours in an 8-hour workday.   He

may need the option to have a stool at the workstation to sit about twice an hour up to 5 minutes

each time.   He may require a cane for ambulation.   He can perform frequent fingering.   He can

perform no more than occasional climbing but can never climb ladder, ropes or scaffolds.   He is

to avoid foot controls, working at heights, working with dangerous moving machinery,

concentrated exposure to temperature extremes, and constant direct contact with vibration.   The

complexity of tasks to be performed should be limited to simple 1-5 steps that can be learned

within 30 days of training.

Based upon the RFC, the ALJ found that there are jobs that exist in significant numbers in

the national economy that Plaintiff can perform, such as parking lot cashier, small product

assembler, and assembler electrical accessories.   (Tr. 21).   The ALJ's finding includes her

consideration of Plaintiff's limitations that erode the unskilled sedentary occupational base, and

the vocational expert's testimony regarding what functions Plaintiff could perform in light of his limitations.   (Tr. 21).   Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision.   *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have

reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.   *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   This is clearly a deferential standard.

## III.   DISCUSSION

Plaintiff's entire argument hinges on his erroneous claim that the Commissioner failed to include two agency-level RFC assessments in the record before this Court.   Indeed, in his memorandum, Plaintiff identifies the sole issue as:

> WHETHER THE DEFENDANT COMMISSIONER'S FAILURE TO PROVIDE THIS COURT WITH A COMPLETE FILE INCLUDING THE OPINIONS OF STATE AGENCY PHYSICIANS REGARDING THE PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY COMPLETED AT THE INITIAL AND RECONSIDERATION LEVELS OF THE ADMINISTRATIVE PROCESS THWARTS JUDICIAL REVIEW AND DENIES PLAINTIFF ATCHINSON DUE PROCESS

However, a review of the record shows that the assessments <u>are included</u> as Exhibits 1A and 3A.   (Tr. 70-78, 80-91).   At the administrative hearing, Plaintiff's counsel raised no concerns regarding these (or any) exhibits (Tr. 28-29) and both assessments appear in the "List of Exhibits" appended to the ALJ's decision, which was provided to Plaintiff.   (Tr. 22).   Because both assessments are in the record before this Court, Plaintiff's request to remand this matter to find (or re-create) the assessments is due to be denied.

Plaintiff then argues that the purported absence of the assessments would have been significant because the ALJ lacked medical opinion evidence "regarding how long a time period Plaintiff [ ] could medically be expected to be on his feet at one time or cumulatively over the course of a workday" is also flawed.   (Doc. 20 at 5).   As an initial matter, while the ALJ must consider the opinions of the state agency consultants, she is not bound by them; and certain opinions, such as an RFC, are "opinions on issues reserved to the Commissioner because they are

administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."   20 C.F.R. § 416.927(d).   Moreover, the state agency assessments addressed Plaintiff's ability to stand and walk and were equally or less restrictive than the ALJ's RFC.

Plaintiff next contends that based on the purported absence of the state agency assessments, this Court should remand this case with directions that consultative examiner, Dr. Samer Choksi "complete a Medical Source Statement (physical)."   Dr. Choksi examined Plaintiff on April 9, 2012 and noted *inter alia* that he was moving very slowly, with an antalgic and unsteady gait; that he was not able to walk one block at a normal pace; that he walks with one cane which was not prescribed by a doctor; and he is not able to walk without the cane more than 25 feet (Tr. 375-77). Dr. Choksi further noted that Plaintiff is able to walk over rough or uneven surfaces; carry out routine ambulatory activities such as shopping and banking, squat; and heel-to-toe walk.   (Tr. 377).   The ALJ discussed Dr. Choksi's observations and findings and noted that Dr. Choksi did not offer an opinion regarding Plaintiff's ability to work.   (Tr. 19).   Plaintiff suggests that in order to fully and fairly develop the record, the Commissioner was required to obtain a Medical Source Statement from Dr. Choksi.

While the agency will usually request a medical source statement as part of the consultative examination process, "the absence of such a statement in a consultative examination report will not make the report incomplete."   20 C.F.R. § 416.919n(c)(6); *Davison v. Astrue*, 370 F. App'x 995, 998 (11th Cir. Apr. 1, 2010).   Thus, its absence is this case is not dispositive.   Moreover, the state agency consultants reviewed Dr. Choksi's findings in forming their opinions, and as discussed *supra*, those assessments are part of the record.   (Tr. 73-74, 84, 88-89).   Plaintiff has failed to explain how Dr. Choksi's findings (or any of the evidence for that matter) support greater

functional limitations than those included in the ALJ's RFC.   Accordingly, Plaintiff's alternative request for remand so that Dr. Choksi can complete a medical source statement is due to be denied.

## IV.   RECOMMENDATION

For the reasons stated above, I submit that the ALJ'S decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).[2]

**DONE and ENTERED** in Ocala, Florida on August 8, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2]  Other than challenging the ALJ's development of the record and whether she could determine Plaintiff's ability to walk and/or stand in light of the purportedly deficient record, Plaintiff's memorandum does not otherwise challenge the ALJ's evaluation of the evidence, her RFC finding, or any other steps of the sequential evaluation process.   Thus, any other arguments or claims have been waived.  *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (noting claimant waived arguments by not expressly challenging ALJ's findings); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (claimant waived issue because he did not elaborate on claim or provide citation to authority regarding claim; *see also, Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."); *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").